IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUDY A. SANTANA,
    Petitioner,

    v.

UNITED STATES OF AMERICA,
    Respondent.

3:15-cv-00721

(Judge Mariani)

## MEMORANDUM

Petitioner, Rudy Santana, an inmate presently confined in the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner seeks deportation prior to the completion of his prison sentence. (*Id.*). For relief, Petitioner requests that this Court "issue an immediate order of deportation." (*Id.*). For the reasons set forth below, the petition will be transferred to the United States District Court for the Western District of Pennsylvania.

## Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' 28 U.S.C. § 2242; *see also* § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35

(2004) (emphasis in original) (citations omitted); *Cox v. Holt*, 2009 WL 4015567, *1-2 (M.D. Pa. 2009) (Caldwell, J.).

The United States Supreme Court, interpreting section 2241, has held that the "plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*, 542 U.S. at 443. Further, the jurisdiction over a petition for a writ of habeas corpus is determined at the time when the petition is filed. *Barden v. Keohane*, 921 F.2d 476, 477 n. 1 (3d Cir. 1990).

Petitioner is currently confined in the Moshannon Valley Correctional Center and filed his habeas petition while incarcerated at that facility. *See* (Doc. 1). The Moshannon Valley Correctional Center is in Philipsburg, Clearfield County, Pennsylvania. Clearfield County is in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). In the petition, Petitioner is challenging his present confinement and seeks immediate deportation.

Applying the "district of confinement rule" to this case, the United States District Court for the Western District of Pennsylvania has jurisdiction because Petitioner is currently confined in that district, and was confined in that district at the time he filed his habeas petition. *Rumsfeld*, 542 U.S. at 444. Thus, this Court does not have jurisdiction over the instant habeas petition and the action will be transferred to the Western District of Pennsylvania.

2

An appropriate Order follows.

Dated: April 17, 2015

_____
Robert D. Mariani
United States District Judge